UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DAVID WILKERSON, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:25-cv-04178-SEM |
| | ) |
| GREG DONATHAN *et al.*, | ) |
|     Defendants. | ) |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Complaint (Doc. 1) under 42 U.S.C. § 1983, a Motion for Counsel (Doc. 5), and a Motion for Status (Doc. 8) filed by Plaintiff David Wilkerson, a resident of the Illinois Department of Human Services ("IDHS") Treatment and Detention ("TDF") Facility under the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1 *et seq.*

### I. COMPLAINT

### A. Screening Standard

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal

remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2).

In reviewing the complaint, the district court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Alleged Facts

Plaintiff's Complaint concerns events that occurred at TDF and alleges violations under the Americans with Disabilities Act ("ADA") against Defendants Avalos, Greg Donathan, Tracie Drew, Dr. O, Posey, Rob, Security Director, Severns, Shawgo, Ward, and IDHS.

Plaintiff has paraplegia, uses a wheelchair, and requires a colostomy bag and urinary catheter. Plaintiff asserts that he is

being housed in a room that prevents him from moving about. As a result, on April 16, 2025, Plaintiff fell and broke his left leg and remained on the floor for ninety minutes because he could not reach the emergency button to call for assistance. Plaintiff claims that he was transferred to a makeshift medical ward within TDF, which would not accommodate his wheelchair, before eventually being transported to a local hospital for medical treatment. Plaintiff asserts that IDHS has failed to accommodate his disability and provide adequate medical care as required under the ADA. (Pl. Compl., Doc. 1 at 3-4.)

### C. Analysis

"The primary mandate of Title II [of the ADA] is that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Lacy v. Cook County*, 897 F.3d 847, 852 (7th Cir. 2018) (quoting 42 U.S.C. § 12132); *see also United States v. Georgia*, 546 U.S. 151, 157 (2006) ("[T]he phrase 'services, programs, or activities' in § 12132 includes

recreational, medical, educational, and vocational prison programs.")

A Rehabilitation Act claim is functionally identical to an ADA claim. *See Amundson v. Wis. Dep't of Health Servs.*, 721 F.3d 871, 873 (7th Cir. 2013) (concluding that the Rehabilitation Act and the ADA are substantively identical and since the Rehabilitation Act affords plaintiffs any relief to which they may be entitled, claims under the ADA become academic).

"[T]he analysis governing each statute is the same except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons." *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012)). "As a practical matter, then, [courts] may dispense with the ADA and the thorny question of sovereign immunity, since [a plaintiff] can have but one recovery." *Id.* at 672. "Illinois has waived its immunity from suits for damages under the Rehabilitation Act as a condition of its receipt of federal funds." *Id.* 672 n.5.

However, "the Illinois Department of Corrections [or other relevant state agency] is the proper defendant for this claim because there is no individual liability under the Rehabilitation Act." *Wilson*

*v. Sood*, 727 F. App'x 220, 223 (7th Cir. 2018) (citing *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015)); *see also Silk v. City of Chicago*, 194 F.3d 788, 797 n. 7 (7th Cir. 1999) (finding no individual liability under the ADA and explaining the Rehabilitation Act is nearly identical).

The Court concludes that Plaintiff's allegations state a claim under the Rehabilitation Act against Defendant Donathan in his official capacity only. *See Olson v. Schwochert*, 783 Fed. App'x. 614, 617 (7th Cir. 2019) ("A suit against an officer of a state agency in his official capacity is a suit against the state…."). Therefore, Defendants Avalos, Drew, Dr. O, Posey, Rob, Security Director, Severns, Shawgo, and Ward are dismissed as parties.

## II. COUNSEL and STATUS

Plaintiff has no constitutional right to counsel, and the Court cannot mandate an attorney accept pro bono appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances).

In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's Motion for Counsel (Doc. 5) is denied because he has not satisfied his threshold burden of demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

Plaintiff's Motion for Status is moot with the entry of the Court's Order.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for Counsel (Doc. 5) is DENIED**

2) **Plaintiff's Motion for Status (Doc. 8) is MOOT.**

3) **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff states a claim under the Rehabilitation Act against Defendant Donathan. Plaintiff's claim against Doe proceeds in Donathan's official capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

4) The Court directs the Clerk of the Court ("Clerk") to terminate Defendants Avalos, Tracie Drew, Dr. O, Posey, Rob, Security Director, Severns, Shawgo, and Ward as parties.

5) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

6) The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed Answers or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

7) If Defendant no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's

positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered.

9) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10) The Court grants Defendant's counsel leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.

11) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12) If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the full costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

13) **The Court directs the Clerk to enter the standard qualified protective Order under the Health Insurance Portability and Accountability Act.**

14) **The Court directs the Clerk to attempt service on Defendant under the standard procedures.**

ENTERED December 12, 2025.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE